UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANTÉ QAADIR DAILEY,<br><br>    Plaintiff,<br><br>    v.<br><br>DAVID ORTIZ, et al.,<br><br>    Defendants. | No. 20-cv-3542 (NLH) (AMD)<br><br><br>OPINION |

APPEARANCE:

Danté Qaadir Dailey
83713-083
Allenwood Low
Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 1000
White Deer, PA 17887-1000

    Plaintiff Pro se

HILLMAN, District Judge

    Plaintiff Danté Qaadir Dailey, a federal prisoner presently incarcerated in FCI Allenwood, Pennsylvania, seeks to bring a complaint pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). See ECF No. 1.

    At this time, the Court must review the Complaint, pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

1

For the reasons set forth below, the Court will dismiss the complaint without prejudice for failure to state a claim. The Court will deny Plaintiff's motion for the appointment of counsel. ECF No. 2.

I.   BACKGROUND

On May 17, 2019, Plaintiff was the Islamic Community Leader at FCI Fort Dix, New Jersey. ECF No. 1 at 8. Plaintiff states that Muslim inmates were not able to prepare their morning Ramadan meals on May 25 and 26, 2019 due to an institutional lockdown. Id. at 8-9. Plaintiff spoke with the staff members, and Lieutenant Lampley confirmed that the Muslim inmates were permitted to prepare the meals in spite of the lockdown. An argument ensued between Lt. Lampley and another corrections officer when Lt. Lampley intervened on behalf of the inmates. Id. at 9.

On June 19, 2019, Plaintiff was placed into administrative detention pending an investigation into his alleged participation in the assault of another inmate on May 23. Id. Four other Muslim inmates were also placed into administrative detention during the investigation. Id. According to the incident report filed by SIS Tech Reyes, the victim identified Plaintiff as his attacker. Id. The matter was referred to a Disciplinary Hearing Officer. Id.

After being contacted by Plaintiff's staff representation, the victim submitted a statement denying that he had ever identified Plaintiff as his attacker to the Disciplinary Hearing Officer.  Id.  The victim stated Plaintiff was not present during the assault and had nothing to do with it.  Id.  The Disciplinary Hearing Officer expunged the incident report against Plaintiff without conducting a hearing.  Id.  Warden Ortiz, Lt. Atkinson, and Unit Manager R. Brinson all received copies of the Disciplinary Hearing Officer's report.  Id. at 9-10.

Plaintiff was not sent back to general population after the incident report was expunged.  Id. at 10.  Instead, he was transferred from minimum security Fort Dix to low security FCI Allenwood.  Id.  Plaintiff alleges the transfer exacerbated his PTSD.  Id.  He seeks $10 million dollars in damages.  Id. at 9.

II.  STANDARD OF REVIEW

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding in forma pauperis, see 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, see 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, see 42 U.S.C. § 1997e.  The PLRA directs district courts to sua sponte dismiss any claim

3

that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915 because Plaintiff is a proceeding in forma pauperis.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976)); see also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  According to the Supreme Court's decision in Ashcroft v. Iqbal, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

To survive sua sponte screening for failure to state a claim,[1] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  "'A claim has facial plausibility when the plaintiff pleads factual content

---

[1] "[T]he legal standard for dismissing a complaint for failure to state a claim . . . is identical to the legal standard employed in ruling on 12(b)(6) motions."  Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008) (citing Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)).

4

that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Iqbal, 556 U.S. at 678).  "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  Iqbal, 556 U.S. at 678 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

III. DISCUSSION

Plaintiff alleges defendants retaliated against him for advocating on behalf of the Muslim inmates,[2] falsely imprisoned him in administrative detention, and intentionally inflicted emotional distress by transferring him to a different prison.

A.  Retaliation

In Ziglar v. Abbasi, the Supreme Court concluded "that expanding the Bivens remedy is now a 'disfavored' judicial activity."  137 S. Ct. 1843, 1857 (2017).  "The Supreme Court has never implied a Bivens action under any clause of the First Amendment."  Vanderklok v. United States, 868 F.3d 189, 198 (3d Cir. 2017); see also Reichle v. Howards, 566 U.S. 658, 663 n.4 (2012) ("We have never held that Bivens extends to First Amendment claims.").  The Third Circuit has thus far held that

---

[2] Plaintiff does not raise any religious discrimination claims.

5

Ziglar prevents First Amendment retaliation claims against federal employees from going forward. See Mack v. Yost, 968 F.3d 311 (3d Cir. 2020) (declining to extend Bivens to First Amendment retaliation claims brought in the prison workplace assignment context); Watlington on behalf of FCI Schuylkill African Am. Inmates v. Reigel, 723 F. App'x 137, 140 n.3 (3d Cir. 2018) (citing Vanderklok). Because current Third Circuit case law does not recognize a Bivens action for retaliation by federal employees, the Court must dismiss the retaliation claim.

B. False Imprisonment and Due Process

Plaintiff's false imprisonment assertion is without merit. "The Court is unaware of any cases in which a prisoner who was lawfully incarcerated was permitted to proceed with a false imprisonment claim . . . based on the conditions of his or her confinement." Kornegey v. City of Philadelphia, 299 F. Supp. 3d 675, 682 (E.D. Pa. 2018); see also Brown v. United States, No. 11-4421, 2014 WL 1407398, at *5 (D.N.J. Apr. 11, 2014) (noting prior decision that "a prisoner, such as Plaintiff, who is already serving a federal sentence, has no viable claim for false imprisonment in SHU pending an investigation of a prison disturbance or the prisoner's involvement in the prison disturbance."); Goldhaber v. Higgins, 576 F. Supp. 2d 694, 718 (W.D. Pa. 2007) ("[T]he Court cannot conceive of a situation in which an incarcerated inmate . . . could be subjected to a

6

distinct Fourth Amendment seizure under the facts alleged in the Amended Complaint.  It is not clear that a seizure in the prison context could ever violate the Fourth Amendment, even if it is assumed that it is somehow possible for an incarcerated prisoner to be seized.").  "Nonetheless, the Court need not decide whether such a claim can ever proceed, because the elements of detention and unlawfulness in this context would require, at the very least, the deprivation of a cognizable liberty interest without due process, and Plaintiff's allegations have failed to meet that burden."  Kornegey, 299 F. Supp. 3d at 682.

"[T]he Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner."  Sandin v. Conner, 515 U.S. 472, 478 (1995).  Liberty interests under the Due Process Clause are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484 (internal citations omitted).  Plaintiff was originally placed in administrative detention during the investigation into an assault against another inmate. "Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence

7

imposed by a court of law." Id. at 485; see also Brown, 2014 WL 1407398, at *5.

To the extent Plaintiff asserts he remained in administrative detention after the incident report was expunged, he fails to state a constitutional claim on the facts alleged. "In deciding whether a protected liberty interest exists under Sandin, we consider the duration of the disciplinary confinement and the conditions of that confinement in relation to other prison conditions." Mitchell v. Horn, 318 F.3d 523, 532 (3d Cir. 2003). Plaintiff has not indicated how long he was in administrative detention once his incident report was dismissed or how administrative detention compares to other prison conditions. However, "[t]ransfers from lesser to more restrictive units in a prison generally do not implicate a protected liberty interest because some incursions on liberty are to be expected within a prison." Robinson v. Norwood, 535 F. App'x 81, 83 (3d Cir. 2013) (per curiam). Plaintiff has therefore failed to allege either a false imprisonment or due process claim.

Plaintiff also has not stated a claim based on his transfer to FCI Allenwood. The Bureau of Prisons is tasked with determining the most suitable location for Plaintiff to serve his federal sentence. See 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment

8

....")."  It is well settled that an inmate "has no justifiable expectation that he will be incarcerated in any particular State."  Olim v. Wakinekona, 461 U.S. 238, 245 (1983).  "That life in one prison is much more disagreeable than in another does not in itself signify that a Fourteenth Amendment liberty interest is implicated when a prisoner is transferred to the institution with the more severe rules."  Meachum v. Fano, 427 U.S. 215, 225 (1976).  "There is no reason to apply a different rule to the transfer of a prisoner from one location to another within the federal system."  Burke v. Romine, 85 F. Appx. 274, 277 (3d Cir. 2003).

C.   Intentional Infliction of Emotional Distress

Plaintiff also has not stated an intentional infliction of emotional distress claim.  "[T]o establish a claim for intentional infliction of emotional distress, the plaintiff must establish intentional and outrageous conduct by the defendant, proximate cause, and distress that is severe."  Buckley v. Trenton Saving Fund Soc., 544 A.2d 857, 863 (N.J. 1988).  "The conduct must be 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'"  Id. (quoting Restatement (Second) of Torts, § 46 comment d (1965)).  The facts stated in the complaint could not

be characterized as atrocious or going beyond all possible bounds of decency.

D. Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal under [the Prison Litigation Reform Act] should receive leave to amend unless amendment would be inequitable or futile." Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002). The Court will grant Plaintiff leave to amend as it is possible that he would be able to allege facts that could state a claim for relief.

Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. Id. To avoid confusion, the safer course is to file an amended complaint that is complete in itself. Id.

E. Appointment of Counsel

Plaintiff also moves for the appointment of counsel. ECF No. 2. Appointment of counsel is a privilege, not a statutory

10

or constitutional right, Brightwell v. Lehman, 637 F.3d 187, 192 (3d Cir. 2011), and is governed by the factors enumerated in Tabron v. Grace, 6 F.3d 147 (3d Cir. 1993).  "As a threshold matter, the indigent plaintiff's case must have some arguable merit in fact and law."  Cuevas v. United States, 422 F. App'x 142, 144 (3d Cir. 2011).

The Court will dismiss the complaint for failure to state a claim.  Therefore, the motion will be denied.  Plaintiff may reapply for counsel in the event he elects to submit an amended complaint.

IV.   CONCLUSION

For the reasons stated above, the motion for the appointment of counsel will be denied.  The complaint will be dismissed without prejudice for failure to state a claim.  28 U.S.C. § 1915(e)(2)(B)(ii).

An appropriate order follows.


Dated: _October 16, 2020___          ___s/ Noel L. Hillman_____
At Camden, New Jersey                NOEL L. HILLMAN, U.S.D.J.