```
                  UNITED STATES DISTRICT COURT
                     DISTRICT OF NEW JERSEY
_____
                              :
DANTÉ QAADIR DAILEY,          :
                              :
          Plaintiff,          :    Civ. No. 20-3542 (NLH)(AMD)
                              :
     v.                       :    MEMORANDUM ORDER
                              :
                              :
                              :
DAVID ORTIZ, et al.,          :
                              :
          Defendants.         :
_____:
```

1.   Plaintiff Danté Qaadir Dailey has filed an amended complaint after the Court dismissed his original complaint for failure to state a claim.  ECF No. 6.

2.   After reviewing the amended complaint for dismissal under 28 U.S.C. § 1915(e)(2)(B), the Court finds that it states a claim under the Religious Freedom and Restoration Act ("RFRA") against Officer Shompas and Officer Dillian for denying Plaintiff the ability to prepare his religious meal.[1]

3.   Plaintiff has not stated a retaliation claim.  In Ziglar v. Abbasi, the Supreme Court concluded "that expanding the Bivens remedy is now a 'disfavored' judicial activity." 137 S. Ct. 1843, 1857 (2017).  "The Supreme Court has never implied

---

[1] The RFRA provides that the federal government "shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability."  42 U.S.C. § 2000bb-1(a).

1

a Bivens action under any clause of the First Amendment." Vanderklok v. United States, 868 F.3d 189, 198 (3d Cir. 2017); see also Reichle v. Howards, 566 U.S. 658, 663 n.4 (2012) ("We have never held that Bivens extends to First Amendment claims.").

4. Thus far, the Third Circuit has not permitted First Amendment retaliation claims to proceed against federal employees. See Mack v. Yost, 968 F.3d 311 (3d Cir. 2020) (declining to extend Bivens to First Amendment retaliation claims brought in the prison workplace assignment context); Watlington on behalf of FCI Schuylkill African Am. Inmates v. Reigel, 723 F. App'x 137, 140 n.3 (3d Cir. 2018) (citing Vanderklok).

5. Plaintiff asserts prison officials retaliated against him for asserting his right to a religious meal by falsely accusing him of assaulting another inmate, placing him in the SHU, and transferring him to another facility. Plaintiff's claims present new contexts, and the Court must consider whether special factors counsel against extending the Bivens remedy.

6. Post-Abbasi, the Third Circuit has concluded that "[t]wo special factors are 'particularly weighty': the availability of an alternative remedial structure and separation-of-powers concerns." Mack, 968 F.3d at 320. Plaintiff has alternative remedies to these claims in the BOP's

2

administrative remedy process.  Plaintiff can pursue his religious claims under RFRA.  As the claims also involve separation of power concerns, the Court concludes it would be inappropriate to extend Bivens without legislative guidance.  See Berk v. Hollingsworth, et al., No. 17-0091, 2020 WL 6867216, at *4 (D.N.J. Nov. 23, 2020) ("The Court concludes Plaintiff's claims of a retaliatory prison transfer . . . are new contexts under Bivens and that there are special factors counselling against creating a new Bivens remedy.").

7.   Plaintiff also has not stated a false imprisonment, due process, or cruel and unusual punishment claim for his placement in the SHU as a result of a false disciplinary report.  "The Court is unaware of any cases in which a prisoner who was lawfully incarcerated was permitted to proceed with a false imprisonment claim . . . based on the conditions of his or her confinement."  Kornegey v. City of Philadelphia, 299 F. Supp. 3d 675, 682 (E.D. Pa. 2018).  Even if such a claim did exist and allowed to proceed in light of Abbasi, it would at a minimum require Plaintiff to show he had been deprived of a liberty interest.  Id.

8.   "[T]he Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner."  Sandin v. Conner, 515 U.S. 472, 478 (1995).  Liberty interests under the Due Process Clause

3

are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484 (internal citations omitted).

9. Plaintiff states he was confined in the SHU for 30 days after he was cleared of the charge accusing him of assaulting another inmate. ECF No. 6 at 11. Plaintiff's "administrative placement in the SHU and reclassification to a higher security level does not implicate the Due Process Clause. The allegations, taken as true, do not lead to a plausible inference that his placement in the SHU imposed an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life,' and, thus, he has no protected liberty interest." Johnson v. Burris, 339 F. App'x 129, 131 (3d Cir. 2009) (finding no due process or Eighth Amendment violation in 87-day SHU placement as the result of allegedly false disciplinary report) (quoting Sandin, 515 U.S. at 484).

10. The Court will permit only the RFRA claims to proceed. The Clerk shall be ordered to file the amended complaint and add Officer Shompas and Officer Dillian as defendants.[2]  All other

---

[2] Plaintiff did not specifically list Officer Shompas and Officer Dillian as defendants in his amended complaint, so the Court

4

claims and defendants are dismissed without prejudice for failure to state a claim.

IT IS therefore on this ___3rd___ day of <u>December</u>, 2020,

ORDERED that the Clerk shall reopen this matter; and it is further

ORDERED that the Clerk shall file the amended complaint, ECF No. 6, and add Officer Shompas and Officer Dillian as defendants; and it is further

ORDERED that the amended complaint shall proceed only on Plaintiff's Religious Freedom and Restoration Act claims against Officer Shompas and Officer Dillian.  All other defendants and claims are dismissed without prejudice, 28 U.S.C. § 1915(e)(2)(B)(ii); and it is further

ORDERED that, the Clerk shall mail to Plaintiff a transmittal letter explaining the procedure for completing Unites States Marshal ("Marshal") 285 Forms ("USM-285 Forms"); and it is further

ORDERED that, once the Marshal receives the USM-285 Form(s) from Plaintiff and the Marshal so alerts the Clerk, the Clerk shall issue summons in connection with each USM-285 Form that has been submitted by Plaintiff, and the Marshal shall serve summons, the Complaint and this Order to the address specified

---

will instruct the Clerk to add them as the RFRA claims against them are the only claims proceeding.

5

on each USM-285 Form, with all costs of service advanced by the United States[3]; and it is further

ORDERED that Defendant(s) shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel; and it is further

ORDERED that, if at any time prior to the filing of a notice of appearance by Defendant(s), Plaintiff seeks the appointment of pro bono counsel or other relief, pursuant to Fed. R. Civ. P. 5(a) and (d), Plaintiff shall (1) serve a copy of the application by regular mail upon each party at his last known address and (2) file a Certificate of Service[4]; and it is finally

ORDERED that the Clerk of the Court shall send a copy of this Order to Plaintiff by regular U.S. mail.

At Camden, New Jersey
s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.

---

[3] Alternatively, the U.S. Marshal may notify Defendant(s) that an action has been commenced and request that the defendant(s) waive personal service of a summons in accordance with Fed. R. Civ. P. 4(d).

[4] After an attorney files a notice of appearance on behalf of a Defendant, the attorney will automatically be electronically served all documents that are filed in the case.